**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZEBBODIOS DEJUAN HALL,

Defendant - Appellant.

Nos. 24-1278
(D.C. Nos. 1:23-CV-01621-WJM &
1:21-CR-00227-WJM-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Defendant Zebbodios DeJuan Hall seeks a certificate of appealability (COA)

to appeal the denial by the United States District Court for the District of Colorado of

his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B)

(requiring COA to appeal dismissal of a motion under § 2255). He claims he was

deprived of his Sixth Amendment right to effective assistance of counsel because his

trial counsel failed to adequately investigate his mental-health issues and the

background of a confidential human source (CHS). Because no reasonable jurist

could conclude that Defendant's § 2255 motion should have been resolved in a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

different manner, *see Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny his application for a COA and dismiss this appeal.

## I. BACKGROUND

Defendant stipulated to the following facts in his plea agreement in this case: In July 2020 Defendant met a CHS working for the Federal Bureau of Investigation (FBI) and local law enforcement. In the weeks that followed, Defendant asked the CHS to provide military-style training to him. The CHS agreed to provide the training if Defendant purchased a firearm for the CHS. The CHS told Defendant that he could not purchase a firearm because he was a convicted felon. Defendant then purchased a semi-automatic pistol with money from the CHS (supplied by the FBI) and gave it to the CHS.

Defendant pleaded guilty to transferring a firearm to a convicted felon in violation of 18 U.S.C. § 922(d). The district court sentenced Defendant to three years' probation. Following his conviction, Defendant filed a motion for relief under § 2255. The court denied the motion and denied a COA.

## II. DISCUSSION

A person seeking a COA must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Defendant claims he was deprived of his Sixth Amendment right to effective assistance of trial counsel. To obtain relief on this claim, Defendant must show that his "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. The review of trial counsel's performance is "highly deferential"; the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Defendant contends his trial counsel failed to fully investigate an entrapment defense because she did not consider his mental-health issues and the background of the CHS. He says that had trial counsel performed a "critical evaluation" of this evidence and advised Defendant accordingly, he would have chosen to go to trial. Aplt. Br. at 12.

*Mental Health*: Defendant's § 2255 motion contended that trial counsel "failed to consider" his posttraumatic stress disorder, bipolar disorder, slower-than-average processing speed, and a head injury he suffered just months before he met the CHS. R., Vol. I at 74. He cites a report from Mile High Psychiatry and a report from Dr. Donna Peters for support. We are not persuaded. As the district court observed, "[T]he record shows that counsel was well-aware of [Defendant's] conditions and the effect they have on his life." Dist. Ct. Order at 7. In a motion for downward variance submitted before sentencing, trial counsel "described Defendant's mental illness and struggles with bouts of crushing depression, social anxiety, paranoia, and episodes of

mania" and referred to his "documented history of suicide attempts, long-standing diagnosed PTSD based on the physical, emotional, and sexual abuse he endured as a child, and a history of seizures and traumatic brain injuries." Dist. Ct. Order at 7 (internal quotation marks and brackets omitted). At sentencing, trial counsel added that Defendant suffered a "mild TBI [traumatic brain injury]" from a concussion just months before he met the CHS. R., Vol. I at 295. Defendant does not dispute that trial counsel knew all of this information. In light of the uncontested evidence against Defendant, we do not think a reasonable jurist could determine that counsel's investigation of mental-health concerns was beneath professional standards.

*CHS Background*: Defendant asserts that trial counsel failed to "thoroughly investigate and research" the CHS. R., Vol. I at 74. He cites two news articles as support. Again, we are not persuaded. The articles report the CHS's criminal background, his purported knowledge of Middle Eastern guerrilla-warfare tactics, and his efforts to target Defendant. This information was not unknown to counsel. The above-mentioned motion for downward variance pointed out that the CHS "drove a hearse stocked with what appear to be semi-automatic rifles," "talked about fighting ISIS on foreign battlefields," "made bizarre YouTube videos with a gun and a flag prominently displayed behind him, echoing the style of a tinpot despot," "feted groups of young, sometimes underage, communist and socialist activists with alcohol as he hosted meetings," "connected his FBI targets," "promised that he could train [Defendant] in the art of guerilla combat," and provided website links supporting

these facts. R., Vol. I at 406 (internal quotation marks omitted). Counsel's investigation was undoubtedly within professional standards.

No reasonable jurist would disagree that the investigation by trial counsel was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Accordingly, Defendant is not entitled to a COA.

### III.    CONCLUSION

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge
